Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| JUANA ROSA RODRÍGUEZ | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama |
|---|---|---|
| Apelada | | |
| V. | | Caso Núm.: GM2025CV00812 |
| YADIELIZ BAUTISTA BILBRAUT, SUCESION DE CECILIO BILBRAUT RAMOS (T/C/C VÍCTOR CECILIO BILBRAUT RAMOS), SUCESION DE REGINA CORA DEVARIE, ANTIGUOS TITULARES DEL INMUEBLE LOCALIZADO EN LA COMUNIDAD BUENOS AIRES LOTE 63 EN ARROYO, PUERTO RICO CON CATASTRO 421-071-414-03-000 JOHN DOE RICHARD DOE | TA2026CE00530 Consolidado con TA2026CE00527 | Sobre: Acción Declaratoria de Usucapión |
| Apelante | | |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 27 de mayo de 2026.

El 29 de abril de 2026, comparecieron ante este Tribunal de Apelaciones, el señor Victor J. Bilbraut Cora (en adelante, señor Bilbraut Cora), la señora Elizabeth Martínez Rodríguez (en adelante, señora Martínez Rodríguez) y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, parte peticionaria) mediante escrito de apelación intitulado *Alegato del Recurrente*[1] con identificación alfanumérica TA2026CE00530. Mediante este, nos solicita que, revisemos la *Resolución Interlocutoria* emitida y notificada el 31 de marzo de 2026, por el Tribunal de Primera

---

[1] Acogido como *certiorari* por ser lo procedente en derecho.

Instancia, Sala Superior de Guayama. En virtud del aludido dictamen, el foro *a quo* declaró Sin Lugar la *Moción de Reconsideración* presentada por el señor Bilbraut Cora y la señora Martínez Rodríguez.

Por otro lado, en igual fecha, compareció ante este foro revisor, la señora Yadieliz Bautista Bilbraut (en adelante, señora Bautista Bilbraut o parte peticionaria), por medio de recurso de *certiorari* intitulado *Petición* con identificación alfanumérica TA2026CE00527. Mediante este nos solicita que revisemos la *Resolución Interlocutoria* emitida y notificada por el foro recurrido el 31 de marzo de 2026. En su dictamen, el foro primario declaró Sin Lugar la *Moción de Reconsideración y Solicitud de Determinaciones de Derecho* presentada por la señora Bautista Bilbraut.

Por los fundamentos que adelante se esbozan, se *expide* el *certiorari*, se *revoca* el dictamen recurrido y se devuelve al Tribunal de Primera Instancia para que proceda de conformidad con lo aquí resuelto.

**I**

Los hechos que suscitaron la controversia de epígrafe se remontan a una *Demanda y Solicitud de Sentencia Declaratoria* instada el 19 de septiembre de 2025, por la señora Juana Rosa Rodríguez (en adelante, señora Rosa Rodríguez o parte recurrida), en contra de la señora Bautista Bilbraut, la Sucesión de Cecilio Bilbraut Ramos, la Sucesión de Regina Cora Devarie, los antiguos titulares del inmueble localizado en la Comunidad Buenos Aires Lote 63 en Arroyo, John Doe y Richard Doe. La parte recurrida alegó ser dueña en pleno dominio de la propiedad en controversia, descrita como sigue:

> Urbana: BARRIO CUATRO CALLES de Arroyo, Solar: 63, Cabida: 841.3908 Metros Cuadrados. LINDEROS: NORTE, con solar número sesenta y dos (62); SUR, con remanente que da acceso a la Carretera número tres (3); ESTE, con remanente que da acceso a tramo de Río

Nigua Canalizado; OESTE, con área a dedicarse a uso público. Se segrega de la finca 842, inscrita al folio 60 del tomo 25 de Arroyo.

Explicó que, la propiedad en cuestión constaba inscrita en el Registro de la Propiedad de Guayama a nombre de la señora Bautista Bilbraut, quien la adquirió por medio del otorgamiento de la Escritura Número 3 de Donación. Cita que, la propiedad consta inscrita de la siguiente forma:

Yadieliz Bautista Bilbraut, mayor de edad, soltera, quien adquirió por Donación, con un valor de $24,000.00, mediante la Escritura Número 3, otorgada en Arroyo, el día 4 de agosto de 2023 ante el notario Héctor L. Maurás García, según inscripción 2.

Según alegó la señora Rosa Rodríguez, esta comenzó a vivir la propiedad desde el año 1981, cuando contrajo matrimonio con el señor Víctor Bilbraut Montañez. De acuerdo con las alegaciones de la *Demanda*, la propiedad en controversia pertenecía al señor Cecilio Bilbraut Ramos y a la señora Regina Cora Devaire, quienes posteriormente, suscribieron un documento privado mediante el cual le cedieron su residencia a la recurrida y su esposo. Sin embargo, arguyó que, perdió dicho documento debido a los daños sufridos en la propiedad por el paso del Huracán María.

La parte recurrida aseguró haber adquirido la propiedad en cuestión por prescripción extraordinaria por motivo de que los herederos de los señores Bilbraut Ramos y Cora Devaire no solicitaron la partición de herencia. Añadió que, por más de 43 años la parte recurrida, en calidad de dueña poseyó, ocupó y vivió la propiedad de manera pública, pacífica, continua e ininterrumpidamente. Además, indicó que, ninguno de los posibles dueños de la propiedad interrumpió la posesión de la señora Rosa Rodríguez. Acotó que, en ningún momento ha cesado la posesión del inmueble, tampoco se ha interrumpido naturalmente por abandono de la cosa por más de un año, o civilmente, mediante emplazamiento o citación, diligencia judicial o notarial o por

reconocimiento expreso o tácito del derecho del dueño, hecho por el poseedor, antes de haber transcurrido el periodo legal establecido en el Art. 788 del Código Civil de Puerto Rico de 2020. Finalmente, le solicitó al foro *a quo*, declarar Ha Lugar la *Demanda* y reconocer la obtención de la titularidad de la propiedad mediante usucapión, a favor de la parte recurrida.

El 19 de septiembre de 2025, fue expedido el emplazamiento de la señora Bautista Bilbraut. Más adelante, el 25 de septiembre de 2025, la parte recurrida presentó *Moci[ó]n Solicitando Expedici[ó]n de Emplazamiento por Edictos*. De acuerdo con dicha moción, la parte recurrida no podía identificar a la parte demandada, ni tampoco conocía su paradero, dirección física o postal, ni si se encuentra en o fuera de Puerto Rico[2]. A tales efectos, solicitó al foro recurrido ordenar la expedición de los emplazamientos por edictos.

Mediante *Orden* emitida en la misma fecha, el Tribunal de Primera Instancia declaró Con Lugar la solicitud de la parte recurrida.

El 30 de septiembre de 2025, fueron expedidos los emplazamientos por edicto para: la Sucesión de Regina Cora Devaire, John Doe y la Sucesión de Cecilio Bilbraut Ramos.

Así las cosas, la parte recurrida presentó el 1 de octubre de 2025, *Moci[ó]n Informativa y en Solicitud de Orden para Publicar en el Peri[ó]dico los Emplazamientos por Edictos Expedidos*. Por medio de esta, solicitó al foro *a quo* emitir *Orden* para la publicación de los edictos en un periódico de circulación general en Puerto Rico.

El día siguiente, el foro primario expidió los emplazamientos por edicto de: Richard Doe y los Antiguos Titulares del inmueble en controversia.

---

[2] La parte recurrida adjuntó Declaración Jurada respecto a lo alegado.

El 10 de octubre de 2025, la parte recurrida presentó *Moci[ó]n Solicitando Expedici[ó]n de Emplazamiento por Edicto*. Mediante dicha moción, la parte recurrida le solicitó al foro *a quo* ordenar la expedición del emplazamiento por edicto dirigido a la señora Bautista Bilbraut. Justificó su solicitud en que el emplazador acreditó mediante declaración jurada, haber realizado varias gestiones y diligencias razonables con la intención de emplazar a la señora Bautista Bilbraut. Sin embargo, dichas gestiones fueron infructuosas debido a que, esta alegadamente no pudo ser localizada. Según la declaración jurada anejada a la aludida moción, el emplazador Miguel A. De Jesús Santiago realizó las siguientes gestiones:

1. Que recibí el emplazamiento personal a ser diligenciado a la demandada Sra. Yadieliz Bautista Bilbraut el día 3 de octubre de 2025. Ese mismo día, me personé a la Calle O de la Urbanización Jardines de Arroyo y para mi sorpresa, no había casa identificada como la 4-19. Me comuniqué con [e]l Lcdo. Rodríguez quien me indicó que en la demanda del caso de desahucio la dirección física y postal mencionada por la Sra. Yadieliz era la calle O, casa 4-19. Pero que si no había casa 4-19 que verificara cualquier otra casa en esa misma calle, pero con el número 19. Seguí las instrucciones del Lcdo. Rodríguez y encontré en la Calle O una casa identificada como la OU-19 y allí me detuve.

2. Una vez allí me entrevisté con la Sra. Elizabeth Martínez, quien se encontraba en la casa OU-19 y se identificó como la abuela de la demandada. Me informó que su nieta se encontraba en el Estado de Ohio en Estados Unidos de América y no en Puerto Rico. Me solicitó la información de contacto del abogado de la demandante para dársela a su nieta y la misma le fue brindada. Cuando le pregunté por la de su nieta expresó que no me la daría.

3. Como no me consta si es cierto lo expresado por la abuela, o si ella está ocultando a su nieta para que no pueda ser emplazada, hice las gestiones de hablar con los vecinos para corroborar la información. Cuando los llamé estos no salieron de sus residencias por lo que entendí que no había nadie en las mismas o estaban ignorando mi llamado para no hablar conmigo y preguntarle sobre la demanda.

4. Luego me personé al Cuartel de la Policía Estatal en Arroyo, en Puerto Rico y hablé con el oficial Manuel Román Placa 31954 y me informó que no conoce a la demandada y desconoce donde vive.

5. Acudí posteriormente a la Casa Alcaldía del Municipio de Arroyo y me atendió la Sra. Mariela Rivera quien me informó que no conocía a la demandada como tampoco donde esta vive.

6. Por último, me presenté a la oficina de Correo y me atendió el empleado postal, Sr. Pablo Soto, quien me indicó que no conocía a la demandada como tampoco donde esta vive.

7. Procedí a realizar una búsqueda en las redes sociales como Facebook e Instagram y bajo el nombre de la demandada, no encontré persona alguna bajo el nombre de Yadieliz Bautista Bilbraut por lo que la búsqueda fue negativa.

8. Por tal motivo el proceso de emplazamiento resultó en un diligenciamiento negativo.

[...]

Mediante *Orden* emitida el 14 de octubre de 2025, el foro primario declaró Con Lugar la solicitud de la parte recurrida, y ordenó la expedición del emplazamiento por edicto dirigido a la señora Bautista Bilbraut.

El 10 de octubre de 2025, el foro recurrido expidió el emplazamiento por edicto dirigido a la señora Bautista Bilbraut.

Así las cosas, el 17 de noviembre de 2025, la parte recurrida presentó *Moci[ó]n Informativa y Anejando Evidencia de la Publicaci[ó]n de los Emplazamientos por Edictos Expedidos*. Mencionó que, los emplazamientos dirigidos a los codemandados, fueron publicados por edicto el 6 de octubre de 2025, en el periódico *El Nuevo Día*. Mencionó, además, que por desconocer la dirección postal o física de los codemandados, le había solicitado al tribunal que les eximiera de notificar por correo certificado con acuse de recibo, copia de la demanda, sus anejos y del emplazamiento por edicto. En cuanto a la señora Bautista Bilbraut sostuvo que, su emplazamiento fue publicado por edicto el 22 de octubre de 2025,

también en el periódico *El Nuevo Día.* Aseguró enviarle a la señora Bautista Bilbraut copia de la *Demanda,* sus anejos y el emplazamiento por edicto a las últimas direcciones conocidas, mediante correo certificado con acuse de recibo.

La parte recurrida presentó el 18 de noviembre de 2025, *Moci[ó]n Solicitando Anotaci[ó]n de Rebeld[í]a a los Codemandados.* Mediante su moción, la parte recurrida acotó que, desde la fecha en que emplazó a los codemandados[3], entiéndase, 6 de octubre de 2025, estos no habían contestado la demanda en su contra, ni realizado alegación responsiva alguna dentro del término de 30 días provisto por las Reglas de Procedimiento Civil. Conforme lo anterior, le solicitó al foro *a quo* anotarles rebeldía a los codemandados. Subsiguientemente, el foro primario emitió *Orden* en la que declaró Con Lugar la solicitud de la parte recurrida.

Así las cosas, el 24 de noviembre de 2025, la parte recurrida presentó *Moci[ó]n Solicitando Anotaci[ó]n de Rebeld[í]a a la Demandada y en Solicitud de que se Dicte Sentencia Declaratoria.* Según arguyó, la señora Bautista Bilbraut, no contestó la *Demanda* ni presentó alegación responsiva dentro del término disponible para hacerlo. Por lo tanto, sostuvo que, procedía que se le anotara rebeldía. Asimismo, solicitó que se declarara sentencia declaratoria a su favor por haber adquirido la propiedad en controversia por medio de usucapión.

Mediante *Orden* emitida el 24 de noviembre de 2025, la primera instancia judicial declaró Con Lugar la moción presentada por la parte recurrida y le anotó rebeldía a la señora Bautista Bilbraut.

---

[3] Sucesión de Regina Cora Devarie, John Doe, Sucesión de Cecilio Bilbraut Ramos, Richard Doe y los Antiguos Titulares del Inmueble localizado en la Comunidad Buenos Aires Lote 63 en Arroyo, Puerto Rico con número de catastro 421-071-414-03-000.

Posteriormente, el 15 de diciembre de 2025, el Tribunal de Primera Instancia emitió *Sentencia*. En virtud de esta, determinó lo siguiente:

Surge de la prueba presentada que la demandante Juana Rosa Rodríguez tiene legitimación para solicitar que se dicte sentencia declaratoria a su favor por haber adquirido el derecho propietario del inmueble descrito anteriormente. Esta ha poseído el inmueble en calidad de dueña, de forma pacífica, continua e ininterrumpidamente por más de treinta (30) años. Sus vecinos colindantes acreditaron mediante declaración jurada ese hecho. Además de que esta obtuvo un documento privado en [el] cual sus fenecidos suegros le cedieron el inmueble a finales del año 1981 y dicho documento se extravió durante los daños causados a la vivienda por el huracán María en el 2017. También a pesar de que las contribuciones territoriales de la propiedad se encuentran a nombre de la titular demandada, el pago de las mismas no le concede derecho propietario sobre el inmueble.

Además, que la demandante se ha mantenido realizando trabajos de mantenimiento, reparación, cuidado y conservación del inmueble, sin que ninguna persona contribuyera durante todo ese tiempo a esos gastos o reclamara derecho alguno sobre la propiedad. No hay duda que la posesión que ha ejercitado la demandante en cuanto al inmueble antes mencionado, es la posesión civil y no la natural, ya que además de tener o disfrutar del derecho por una persona, ha estado poseyendo el inmueble con la intención de hacer la cosa o derecho como suyo por más de treinta (30) años, por lo que esta posesión en concepto de dueño es la que sirve de título para adquirir el dominio por usucapión sobre el referido inmueble ya que la opinión pública o percepción general de la comunidad entiende que la demandante Juana Rosa Rodríguez es su verdadera dueña, unido a los actos de ésta como poseedora, que realiza en relación al inmueble.

La usucapión aquí reconocida tiene eficacia retroactiva al momento en que este inició la posesión con sus requisitos necesarios, mientras que los actos realizados por el poseedor anterior quedan resueltos. Una vez la parte demandante como usucapiente reunió todos los requisitos señalados por ley, la usucapión consumada es inatacable por lo que, aunque haya sido perturbada de su posesión en un procedimiento de desahucio en el año 2025, prevalece el derecho adquirido por la demandante por prescripción adquisitiva extraordinaria. Y aunque procedan los herederos de los codemandados a presentar petición de herencia (declaratoria de herederos) en el futuro sobre el referido inmueble en cuestión, dicha acción estaría prescrita por lo que la posesión de la demandante no queda perturbada.

Por tanto, al configurarse todos los elementos que requiere la ley, se declara Ha Lugar la Demanda y se dicta Sentencia de Conformidad. Se declara a la parte demandante Juana Rosa Rodríguez como única dueña de la propiedad inmueble que sita en la Comunidad Buenos Aires Lote 63 en Arroyo, Puerto Rico la cual se encuentra inscrita al Folio 60 del Tomo 25 de Arroyo, Finca número 9110, inscripción primera en el Registro de la Propiedad de Guayama, por lo que se ordena al Registro de la Propiedad a inscribir a nombre de Juana Rosa Rodríguez el referido inmueble, incluyendo arreglar el tracto si es necesario para que la propiedad inmueble pueda ser inscrita su nombre. También se ordena al Centro de Recaudación de Ingresos Municipales (C.R.I.M.). (sic) para que este arregle el tracto sucesivo e inscriba la propiedad inmueble a nombre de Juana Rosa Rodríguez para que pueda pagar las contribuciones territoriales pertinentes y obtener la exoneración contributiva si cualifica para ello, lo anteriormente debe cumplirse so pena de desacato.

El 18 de diciembre de 2025, el foro *a quo* notificó una *Orden,* emitida el 2 de octubre de 2025, donde dispuso lo siguiente:

Vista la MOCION SOLICITANDO EXPEDICION DE EMPLAZAMIENTO POR EDICTO y, aduciendo méritos para ello, este Tribunal admite esta información y ordena la publicación de emplazamiento por edicto para la parte codemandada SUCESION DE CECILIO BILBRAUT RAMOS T/C/C VICTOR CECILIO BILBRAUT RAMOS, SUCESION DE REGINA CORA DEVARIE, ANTIGUOS TITULARES DEL INMUEBLE LOCALIZADO EN LA COMUNIDAD BUENOS AIRES LOTE 63 EN ARROYO, PUERTO RICO CON CATASTRO 421-071-414-03-000, JOHN DOE y RICHARD DOE, una sola vez, en periódico de circulación general en la Isla de Puerto Rico disponiendo, además, que se exime de la notificación de copia del emplazamiento y Demanda presentada por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, dentro de los diez (10) días siguientes a la publicación de Edicto, por desconocerse la identidad y paradero, incluyendo la dirección física y postal alguna de los codemandados.

Transcurridos los treinta (30) días de haberse publicado el edicto sin que la parte demandada notificada compareciere, según lo dispone la Regla 10.1 de Procedimiento Civil, se continuará con el trámite de caso.

La parte recurrida presentó el 12 de enero de 2026, *Moci[ó]n Informativa y Solicitud de Notificaci[ó]n de Sentencia para Publicar por Edicto.* En su moción, le solicitó al foro primario ordenar la emisión

de Notificación de Sentencia por Edicto, para notificar a las partes y cumplir con el debido proceso de ley.

El 14 de enero de 2026, el matrimonio compuesto por el señor Bilbraut Cora y la señora Martínez Rodríguez, sin someterse a la jurisdicción del foro de primera instancia, presentó *Moci[ó]n de Relevo de Sentencia por Nulidad*. En virtud de esta le solicitó al foro primario dejar sin efecto la *Sentencia* emitida el 15 de diciembre de 2025. Conforme argumentó, procedía la nulidad de sentencia por falta de jurisdicción, al no haber sido emplazados personalmente conforme a las Reglas de Procedimiento Civil. Aseguró que, la parte recurrida tenía conocimiento personal de la dirección residencial del matrimonio como parte con interés, conocimiento de que ellos figuraban en el Registro de la Propiedad de Arroyo como antiguos titulares del inmueble y parte indispensable en el pleito de epígrafe. Argumentó que, en la acción de usucapión, las partes indispensables son el poseedor que busca adquirir la propiedad y el propietario registrar, quien es el titular actual inscrito en el registro, además de terceros con derechos sobre el inmueble. Sostuvo que, ante la falta de un emplazamiento adecuado a una parte indispensable, procedía que se declarara nula la sentencia por falta de jurisdicción. Finalmente, le solicitó al foro *a quo* dejar sin efecto la sentencia, y desestimar y archivar la demanda por falta de parte indispensable.

Por otro lado, el 15 de enero de 2025, la señora Bautista Bilbraut, sin someterse a la jurisdicción del foro primario, presentó *Comparecencia Especila* [sic] *y Urgente Moción de Desestimación por Falta de Jurisdicción por Violaciones Crasas el Debido Proceso de Ley*. En primer lugar, sostuvo que, el foro de primera instancia no emitió orden para la publicación de los edictos y que, por ello, la Secretaría del Tribunal no tenía autorización para expedir los emplazamientos. Adujo que, los emplazamientos publicados

mediante edicto eran fatalmente defectuosos, por lo que, el foro *a quo* no adquirió jurisdicción sobre los demandados, y que, la orden para la publicación de edictos fue emitida con posterioridad a la publicación de estos. Además, acotó que, la parte recurrida conocía y sabía la identidad, paradero y dirección de los codemandados que eran partes indispensables, y que, omitió tal información con el propósito de obviar el debido proceso de ley de dichas partes. Incluso, según la señora Bautista Bilbraut, una de las partes indispensables era cuñado de la señora Rosa Rodríguez, por lo cual, debía conocer su identidad y paradero.

La señora Bautista Bilbraut cuestionó las gestiones alegadamente realizadas por el emplazador para emplazarla. Según ella, estas no fueron suficientes para que el foro primario autorizara a la parte recurrida emplazarla por edicto. Pues, dichas gestiones carecían de especificidad en cuanto a las fechas que realizó las mismas. Indicó que, ante la insuficiencia de la declaración jurada suscrita por el emplazador, era forzoso concluir que, la autorización para emplazar por edicto a la señora Bautista Bilbraut es defectuosa y priva al Tribunal de Primera Instancia de jurisdicción sobre su persona. Argumentó, además, que, la parte recurrida pretendía ocultar información que ostentaba, ya que conocía y fue parte de un proceso de desahucio en el caso PA2025CV00129, el cual comenzó el 14 de julio de 2025, y finalizó con sentencia final el 19 de agosto de 2025. Añadió que, la señora Rosa Rodríguez tenía conocimiento de la última dirección de la señora Bautista Bilbraut en virtud del anterior pleito, la cual es 6501 Germantown Rd. #297, Middletown, Ohio 45042. Sin embargo, la señora Rosa Rodríguez omitió informar tal dirección, y dejó a la parte peticionaria sin recibir mediante correo certificado copia de la demanda y el emplazamiento. De acuerdo con la señora Bautista Bilbraut, la parte recurrida actuó de mala fe al intentar que esta no adviniera en conocimiento del

procedimiento en su contra. Igualmente, reiteró que mediante dicho pleito anterior se desprendía que la señora Rosa Rodríguez tenía conocimiento sobre el paradero de las partes indispensables, entiéndase, el señor Bilbraut Cora y la señora Martínez Rodríguez.

Por último, le solicitó a la primera instancia judicial que declarara nula la *Sentencia* y desestimara la *Demanda* por falta de jurisdicción sobre la persona.

Por medio de dos órdenes emitidas el 16 de enero de 2026, el Tribunal de Primera Instancia le concedió a la parte recurrida 20 días para expresarse sobre las mociones de nulidad de sentencia presentadas.

Subsiguientemente, la señora Rosa Rodríguez presentó *Moci[ó]n en Cumplimiento de Orden y en Oposición a Moción de Relevo de Sentencia por Nulidad*. Arguyó haber cumplido con el debido proceso de ley conforme a la Regla 4 de las Reglas de Procedimiento Civil. Según la parte recurrida, emplazó conforme a derecho. Además, alegó que no procedía la aplicación de la Regla 49.2 de Procedimiento Civil, puesto que la sentencia no era final y firme. Expresó que, en todo caso, procedía la reconsideración o un recurso apelativo y no una moción de relevo de sentencia. De otra parte, argumentó que, el señor Bilbraut Cora y la señora Martínez Rodríguez no eran partes con interés ni indispensables, y que les faltaba legitimación activa para actuar en el pleito de epígrafe.

La parte recurrida también presentó *Moci[ó]n en Cumplimiento de Orden y en Oposici[ó]n a Comparecencia Especial y Urgente Moción de Desestimaci[ó]n por Falta de Jurisdicci[ó]n por Violaciones Crasas al Debido Proceso de Ley*. En esencia, reiteró lo esbozado previamente en la moción anterior, en específico, que cumplió con la Regla 4.1 de Procedimiento Civil. También mencionó que cumplió con los requisitos de emplazamiento por edicto, al amparo de la Regla 4.3 de Procedimiento Civil. A juicio de la parte recurrida, la

Declaración Jurada suscrita por el emplazador era suficiente en derecho y cumplía con las formalidades exigidas.

Finalmente, la primera instancia judicial emitió *Resolución,* en virtud de la cual dispuso lo siguiente:

> Aunque la parte demandada que solicita el relevo de sentencia lo presentó dentro del término de 6 meses, este Tribunal ha tomado conocimiento judicial del trámite procesal del caso de autos y con el beneficio de los fundamentos en oposición presentados por la parte demandante este Tribunal concluye que no se cumplen con los requisitos para conceder el relevo de sentencia, ni articula fundamento jurídico o fáctico que justifique alterar lo ya adjudicado.

> Surge que el trámite procesal que culminó en la Sentencia a favor de la parte demandante fue objeto o el resultado de un satisfactorio debido proceso de ley, fundamentada correctamente en derecho y con la jurisdicción para dictarla. De conformidad a lo antes expuesto se declara SIN LUGAR la solicitud de relevo de sentencia presentado por la parte demandada. En cuanto a la Moción de Desestimación por Falta de Jurisdicción, presentada por Yadeliz Bautista Bilbraut, el Tribunal igualmente la declara **SIN LUGAR**.

Inconforme, el 11 de marzo de 2026, el señor Bilbraut Cora y la señora Martínez Rodríguez presentaron *Moci[ó]n de Reconsideraci[ó]n a Resoluci[ó]n.* En igual fecha, la señora Bautista Bilbraut presentó *Reconsideraci[ó]n y Solicitud de Determinaciones de Derecho Sustantivas.*

Mediante órdenes emitidas el 13 de marzo de 2026, el foro primario le ordenó a la parte recurrida expresarse sobre las mociones presentadas.

El 30 de marzo de 2026, la parte recurrida presentó *Moci[ó]n en Cumplimiento de Orden y en Oposici[ó]n a Reconsideraci[ó]n y Solicitud de Determinaciones de Derecho,* y *Moci[ó]n en Cumplimiento de Orden y en Oposición a Reconsideraci[ó]n.*

Así las cosas, el 31 de marzo de 2026 el Tribunal de Primera Instancia emitió las resoluciones interlocutorias cuya revisión nos ocupa, donde declaró Sin Lugar las solicitudes de reconsideración de las partes aquí peticionarias.

En desacuerdo, la señora Bautista Bilbraut presentó el recurso de epígrafe, donde esbozó los siguientes señalamientos de error:

**Primer error:** Erró el Tribunal de Primera Instancia al sostener la validez del emplazamiento por edicto de la peticionaria, a pesar de que la declaración jurada presentada para justificar dicho mecanismo extraordinario era insuficiente en derecho, no demostraba diligencias razonables, específicas y efectivas para localizarla, y por ello no satisfacía el estándar de debido proceso de ley necesario para conferir jurisdicción sobre su persona.

**Segundo error:** Erró el Tribunal de Primera Instancia al no considerar que la parte recurrida omitió informar y utilizar direcciones conocidas de la peticionaria, incluyendo información previamente levantada en otro pleito entre las mismas partes, lo que tornó irrazonable el recurso de emplazamiento por edicto y constituyó una violación al debido proceso de ley.

**Tercer error:** Erró el Tribunal de Primera Instancia al anotar rebeldía, emitir sentencia y su publicación en edicto contra la peticionaria sin haberse adquirido válidamente jurisdicción sobre su persona y sin cumplimiento estricto con los requisitos de notificación exigidos por las Reglas de Procedimiento Civil y por el debido proceso de ley.

**Cuarto error:** Erró el Tribunal de Primera Instancia al permitir y luego validar la publicación de emplazamientos por edicto respecto a los otros cinco co-demandados sin que constara en autos, al momento de la publicación, una orden previa, archivada y notificada, que autorizara dicho diligenciamiento, en violación al debido proceso de ley y a los requisitos jurisdiccionales del emplazamiento por edicto.

**Quinto error:** Erró el Tribunal de Primera Instancia al no resolver si una orden archivada y notificada con posterioridad a la publicación de los edictos, anotación de rebeldía y sentencia en rebeldía podía convalidar retroactivamente un emplazamiento por edicto defectuoso, omitiendo adjudicar una cuestión de derecho sustantiva que incide directamente sobre la jurisdicción del foro.

**Sexto error:** Erró el Tribunal de Primera Instancia al no evaluar adecuadamente las inconsistencias y contradicciones entre la declaración jurada presentada para justificar los edictos y la información que la propia parte recurrida había revelado en otros procedimientos judiciales sobre la identidad, cercanía y conocimiento de personas con interés en el inmueble objeto del pleito y que la recurrida acumuló en su demanda original.

**Séptimo error:** Erró el Tribunal de Primera Instancia al no desestimar el pleito pese a la ausencia de partes

indispensables cuyo conocimiento surgía del propio expediente y de actuaciones previas de la parte recurrida, lo que afectó la validez de la adjudicación y lesionó el debido proceso de ley de las personas con interés propietario directo en el inmueble en controversia.

**Octavo error:** Erró el Tribunal de Primera Instancia al no atender de forma integral el patrón de violaciones al debido proceso de ley que marcó todo el trámite del caso (emplazamiento, edictos, notificaciones, rebeldía, sentencia y reconsideración) resolviendo como si se tratara de irregularidades aisladas, cuando en realidad reflejan una falla estructural que impidió una adjudicación válida y justa.

**Noveno error:** Erró el Tribunal de Primera Instancia al declarar "SIN LUGAR" la moción de reconsideración sin emitir determinación alguna de derecho sobre los planteamientos jurisdiccionales expresamente levantados, privando así a la parte peticionaria de conocer la base jurídica de la decisión y al Tribunal de Apelaciones de ejercer adecuadamente su función revisora.

Por otro lado, también inconformes, comparecieron el señor Bilbraut Cora y la señora Martínez Rodríguez y esbozaron los siguientes señalamientos de error:

**Primer error:** El Tribunal de Primera Instancia erró al declarar SIN LUGAR en la Resolución Interlocutoria de 31 de marzo de 2026, sobre Moción sobre Reconsideración de 11 de marzo de 2026 (SUMAC AP47), sobre Resolución dictada el 25 de febrero de 2026 (SUMAC AP44), en la que se declaró "SIN LUGAR" nuestra Moción de Relevo de Sentencia por Nulidad (SUMAC Ap. 31), de la Sentencia dictada el 11 de diciembre de 2025 (SUMAC AP 26) notificada Sentencia por Edicto por Secretaría del Tribunal de Primera Instancia de Guayama el 16 de enero de 2026 (SUMAC AP36), y notificación de Sentencia Enmendada por Edicto, el mismo día 16 de enero de 2026 (SUMAC AP37) al no reconocer a la parte con interés como Parte Indispensable, por ser uno de los antiguos titulares y uno de los miembros de las Sucesiones demandadas, que la Recurrida conocía su dirección postal y física, sin cuya comparecencia la Sentencia sería nula.

**Segundo error:** Erró el Tribunal al concluir que tenía jurisdicción sobre los Apelantes- Recurrentes, pese a que nunca fueron emplazados conforme a la Regla 4.6, al expedir el emplazamiento por edicto al desconocerse la dirección y el paradero de todos los co-demandados-Recurrentes.

## II

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[4]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones[5], dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". (citas omitidas) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

---

[4] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

[5] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[6]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

---

[6] *Íd.*

### B. El Emplazamiento

Como es sabido, el emplazamiento es el mecanismo procesal que permite al Tribunal adquirir jurisdicción sobre la persona del demandado, para que este quede obligado por el dictamen que, en su día, emita el foro judicial. *Martajeva v. Ferre Morris*, 210 DPR 612 (2022); *Rivera Torres v. Díaz López*, 207 DPR 636, 646-647 (2021); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021); *Cirino González v. Adm. Corrección, et al.*, 190 DPR 14, 30 (2014); *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863 (2005).

Tal mecanismo procesal es parte esencial del debido proceso de ley, pues su propósito principal es notificar a la parte demandada que existe una acción judicial en su contra. De esta manera, la parte puede comparecer en el procedimiento, ser oído y presentar prueba a su favor. *Martajeva v. Ferre Morris*, supra, pág. 620; *Rivera Torres v. Díaz López*, supra, pág. 647; *Pérez Quiles v. Santiago Cintrón*, supra, pág. 384; *Banco Popular v. S.L.G. Negrón*, supra, pág. 863; *Global v. Salaam*, 164 DPR 474, 480 (2005); *Datiz v. Hospital Episcopal*, 163 DPR 10, 15 (2004); *Medina v. Medina*, 161 DPR 806 (2004). Por lo tanto, su adulteración constituye una flagrante violación al trato justo. *Torres Zayas v. Montano Gómez, et als.*, 199 DPR 458, 467 (2017); *Lucero v. San Juan Star*, 159 DPR 494, 507 (2003); *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 22 (1993).

Conforme a lo anterior, no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal. Véase: *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854 (2015); *Medina v. Medina, supra*; *Acosta v. ABC, Inc.*, 142 DPR 927 (1997); *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 467.

En nuestro ordenamiento jurídico, la figura del emplazamiento está regulada por la Regla 4 de las de Procedimiento

Civil, 32 LPRA Ap. V. En particular, dicho precepto legal dispone que, una parte que interese demandar a otra deberá presentar el formulario de emplazamiento conjuntamente con la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. Regla 4.1 de las de Procedimiento Civil, *supra*, 32 LPRA Ap. V. Una vez expedido el emplazamiento, la parte que lo solicita cuenta con 120 días para poder diligenciarlo. Lo anterior, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3(c) de Procedimiento Civil, *supra*, 32 LPRA Ap. V. En caso de que transcurra el referido término de 120 días y este no se diligencie, el tribunal deberá dictar sentencia en la que decrete su desestimación y archivo sin perjuicio del caso ante su consideración. *Íd.*; *Torres Zayas v. Montano Gómez, et als.*, supra, págs. 467-468; *Martajeva v. Ferre Morris*, supra.

Nuestras Reglas de Procedimiento Civil establecen dos maneras para diligenciar un emplazamiento: de forma personal o mediante edicto. *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 987 (2020). El emplazamiento personal es el método idóneo para adquirir jurisdicción. Ahora bien, por excepción y en circunstancias específicas, nuestras Reglas de Procedimiento Civil, *supra*, permiten que se utilice el mecanismo del emplazamiento por edicto. Regla 4.6(a) de Procedimiento Civil, *supra*, 32 LPRA Ap. V, R. 4.6(a); *Caribbean Orthopedics v. Medshape et al*, 207 DPR 994, 1005 (2021).

En particular, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6, la cual regula todo lo relacionado al emplazamiento por edictos y su publicación, dispone lo siguiente:

(a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así

se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.

La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última dirección física o postal conocida, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición.

Al respecto, nuestra última instancia judicial ha expresado que los requisitos que dispone la regla de emplazamiento son de estricto cumplimiento. Véase: *Rivera Torres v. Díaz López,* supra, pág. 647; *Quiñones Román v. Cía. ABC,* 152 DPR 367, 374–375 (2000); First *Bank of PR v. Inmob. Nac., Inc.,* 144 DPR 901 (1998); *Rodríguez v. Nasrallah,* 118 DPR 93 (1986). Ello, pues, "el emplazamiento es un trámite medular para el cumplimiento con el debido procedimiento de ley de un demandado y afecta directamente la jurisdicción del tribunal". *Rivera v. Jaume,* 157 DPR 562, 579 (2002); *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 468.

Recordemos que, las normas sobre el emplazamiento "son de carácter impositivo, de las cuales no se puede dispensar. La razón de esta rigurosidad es que el emplazamiento se mueve dentro del campo del Derecho constitucional y más específicamente dentro del derecho del demandado a ser oído y notificado de cualquier

reclamación en su contra". R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 257; *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 468.

En ese sentido, es menester señalar que la falta de un correcto emplazamiento a la parte contra la cual un Tribunal dicta sentencia, "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado [...]". *Lanzó Llanos v. Banco de la Vivienda*, 133 DPR 509, 512 (1993). Véase *Reyes v. Oriental Fed. Savs. Bank*, *supra*, págs. 21-22; *Rivera Torres v. Díaz López*, supra, págs. 647-648. Dicho de otro modo, "[t]oda sentencia dictada contra un demandado que no ha sido emplazado o notificado conforme a derecho es inválida y no puede ser ejecutada. Se trata de un caso de nulidad radical por imperativo constitucional". (Citas omitidas). *Torres Zayas v. Montano Gómez, et als.*, supra, págs. 468-469.

Finalmente, no podemos pasar por alto que el derecho al emplazamiento es renunciable. Tal renuncia puede suceder cuando la parte demandada se somete voluntariamente a la jurisdicción del tribunal. *Sánchez Rivera v. Malavé Rivera*, supra, págs. 872-873. "La sumisión voluntaria suple la omisión del emplazamiento, ya que tiene el efecto de que el tribunal adquiera jurisdicción sobre la persona. Una parte puede someterse al tribunal de forma explícita o implícita. La sumisión voluntaria puede suceder cuando comparece voluntariamente y realiza algún acto sustancial que la constituya parte en el pleito". *Sánchez Rivera v. Malavé Rivera*, supra, págs. 872-873.

En cuanto a la sumisión voluntaria, el Alto Foro ha expresado también que esto se "puede hacer al cumplir voluntariamente con las órdenes del tribunal y, a solicitud de éste, presentar documentos pertinentes dirigidos a dilucidar la reclamación incoada por la parte

demandante en su contra". *Vázquez v. López,* 160 DPR 714, 721 (2003).

### C. *Regla 49.2 de Procedimiento Civil*

Como es sabido, toda sentencia dictada por un tribunal tiene a su favor una presunción de validez y corrección. *Olmeda Nazario v. Sueiro Jiménez,* 123 DPR 294 (1989); *Ortiz Serrano v. Ortiz Díaz,* 106 DPR 445 (1977); *Cortés Piñeiro v. Sucn. A. Cortés,* 83 DPR 685, 690 (1961). Solo en ciertos escenarios muy particulares nuestro ordenamiento procesal civil permite a una parte solicitar el relevo de los efectos de una sentencia previamente dictada en su contra; asunto que, como sabemos, en nuestra jurisdicción es gobernado por la Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V. *López García v. López García,* 200 DPR 50, 59 (2018).

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R.49.2, establece el mecanismo procesal que se tiene disponible para solicitarle al foro de instancia el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos. Esta regla provee un mecanismo post sentencia para impedir que se vean frustrados los fines de la justicia mediante tecnicismos y sofisticaciones. (Citas omitidas). *García Colón et al. v. Sucn. González,* 178 DPR 527, 539 (2010); *Pérez Ríos et al. v. CPE,* 213 DPR 203, 214 (2023).

Este precepto procesal civil tiene como fin establecer el justo balance entre dos (2) principios de cardinal importancia en nuestro ordenamiento jurídico. Por un lado, el interés de que los casos se resuelvan en los méritos haciendo justicia sustancial. Por el otro, que los litigios lleguen a su fin. (Citas omitidas). *García Colón et al. v. Sucn. González,* pág. 540.

En particular, la Regla 49.2 de Procedimiento Civil, *supra,* dispone específicamente, como sigue:

**Regla 49.2. Errores, inadvertencia, sorpresa, negligencia excusable, descubrimiento de nueva prueba, fraude, etc.**

Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:

(1) Error, inadvertencia, sorpresa, o negligencia excusable;

(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de la parte adversa;

**(4) Nulidad de la sentencia**;

(5) La sentencia ha sido satisfecha, renunciada, o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuare en vigor; o

(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d) de esta regla. La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento.
[. . .]

Para que proceda el relevo de sentencia bajo la Regla 49.2 de Procedimiento Civil, *supra*, es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en esa regla para tal relevo. El peticionario del relevo está obligado a justificar su solicitud amparándose en una de las causales establecidas en la regla. Ahora bien, relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *García Colón et al. v. Sucn. González,* pág. 540; *Pérez Ríos et al. v. CPE,* supra, pág. 215.

Para conceder un remedio contra los efectos de una sentencia, el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen tal concesión. Así, si la parte que solicita el relevo aduce una buena defensa –además de alguna de las circunstancias previstas en la Regla 49.2 de Procedimiento Civil, *supra,* ya mencionadas- y el relevo no ocasiona perjuicio alguno a la parte contraria, este debe ser concedido. De ahí que, como regla general la existencia de una buena defensa debe siempre inclinar la balanza a favor de la reapertura. *García Colón et al. v. Sucn. González,* supra, págs. 540-541.

Por igual, el Tribunal Supremo de Puerto Rico, ha expresado, con relación a la Regla 49.2 de Procedimiento Civil, *supra*: "que el precepto debe interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia o, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos". Empero, la consabida regla no constituye una llave maestra para reabrir controversias, ni sustituye los recursos de apelación o reconsideración. Es decir, el precepto no está disponible para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración y apelación. (Citas omitidas). *García Colón et al. v. Sucn. González,* supra, pág. 541.

Por otro lado, el inciso (4) de la Regla 49.2 de Procedimiento Civil, *supra,* le otorga al Tribunal la facultad de relevar a una parte de los efectos de una sentencia cuando se determine su nulidad. Una sentencia es nula cuando se ha dictado sin jurisdicción o cuando al dictarla *se ha quebrantado el debido proceso de ley.* (Citas omitidas). *García Colón et al. v. Sucn. González,* supra, pág. 543.

Es importante destacar que, bajo este fundamento no hay margen de discreción como si lo hay bajo los otros fundamentos de la Regla 49.2 de Procedimiento Civil, *supra*; si una sentencia es nula,

tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado. *Pérez Ríos et al. v. CPE*, supra, pág. 215. Sobre el particular, ha manifestado nuestro Tribunal Supremo que:

> "...la discreción que tiene un tribunal, al amparo de las disposiciones de la referida Regla 49.2 de Procedimiento Civil, para relevar a una parte de los efectos de una sentencia resulta inaplicable cuando se trata de una sentencia que es "nula"; si es nula, no hay discreción para el relevo, hay obligación de decretarla nula.
>
> Es inescapable la conclusión, en consecuencia, que ante la certeza de nulidad de una sentencia, resulta *mandatorio* declarar su inexistencia jurídica; ello independientemente del hecho de que la solicitud a tales efectos se haga con posterioridad a haber expirado el plazo de seis (6) meses establecido en la antes citada Regla 49.2 de Procedimiento Civil. (Citas omitidas). *Montañez v. Policía de Puerto Rico*, 150 D.P.R. 917, 921-922 (2000). Véanse, *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 D.P.R. 237, [243-244] (1996); *Figueroa v. Banco de San Juan*, 108 D.P.R. 680, [689] (1979)." (Citas omitidas). *García Colón et al. v. Sucn. González*, supra, págs. 543-544.

### D. Parte Indispensable

Las Reglas de Procedimiento Civil regulan el precepto de parte indispensable en un pleito. La Regla 16.1 establece que: "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularan como demandantes o demandadas, según corresponda". 32 LPRA Ap. V; *RPR & BJJ Ex Parte*, 207 DPR 389, 407 (2021).

Nuestro Tribunal Supremo interpreta una parte indispensable como aquella de la cual no se puede prescindir, pues sin su presencia, las cuestiones litigiosas no pueden adjudicarse correctamente, ya que sus derechos quedarían afectados por una determinación judicial. *RPR & BJJ Ex Parte*, supra, pág. 407; *López García v. López García*, 200 DPR 50, 63 (2018), citando a: *Deliz et als. v. Igartúa et als.*, 158 DPR 403, 432 (2003); *Cepeda Torres v. García Ortiz*, 132 DPR 698, 704 (1993). Hernández Colón, *op. cit.*, Sec. 1202, pág. 165. En particular, ha señalado el Alto Foro que:

> El tercero ausente [en el pleito] debe tener [tal] interés común en [este] que convierte su presencia en un requisito indispensable para impartir justicia completa o de tal orden que impida la confección de un decreto sin afectarlo. La justicia completa es aquella entre las partes y no la que se refiere a una parte y al ausente. El interés común tiene que ser uno real e inmediato. Hernández Colón, *op. cit.*, Sec. 1202, pág. 166.

Sobre el alcance de la Regla 16.1 de Procedimiento Civil, *supra*, nuestro Máximo Foro ha señalado que "este precepto procesal forma parte del esquema de rango constitucional que prohíbe que una persona sea privada de su libertad o propiedad sin el debido proceso de ley". *López García v. López García,* supra, págs. 63-64, citando a: *Mun. de San Juan v. Bosque Real, SE,* 158 DPR 743, 756 (2003); *Infante v. Maeso,* 165 DPR 474, 490 (2005). Más específico aún, esta regla parte de dos principios fundamentales, a saber: (1) la protección constitucional que impide que una persona sea privada de la libertad y de su propiedad sin un debido proceso de ley, y (2) la necesidad de incluir a una parte indispensable para que el decreto judicial emitido sea completo. *RPR & BJJ Ex Parte*, supra, pág. 407; *Allied Mgmt. Grp., Inc. v. Oriental Bank,* 204 DPR 374 389 (2020); *López García v. López García,* supra, pág. 64.

Ahora bien, precisa señalar que no se trata de cualquier interés sobre un pleito, sino de un interés de tal orden que impida la confección de un derecho adecuado sin afectar o destruir radicalmente los derechos a esa parte. *Íd.*; *Romero v. SLG Reyes*, 164 DPR 721, 733 (2005). Véase Cuevas Segarra, *op. cit.*, T. II, pág. 691. Asimismo, el "interés común" al que hace referencia la Regla 16.1 de Procedimiento Civil, *supra*, no es cualquier interés en el pleito, sino que tiene que ser real e inmediato y no puede tratarse de meras especulaciones o de un interés futuro. *RPR & BJJ Ex Parte,* supra, pág. 408; *Allied Mgmt. Grp., Inc. v. Oriental Bank,* supra, págs. 389-390.

Nuestro Tribunal Supremo ha establecido que la interpretación de esta regla requiere un enfoque pragmático, es decir, que se evalúe a la luz de las circunstancias particulares que se presenten y no de una formula rígida para determinar su aplicación. *López García v. López García,* supra, pág. 65, citando a: *Romero v. SLG Reyes,* supra, pág. 732; *RPR & BJJ Ex Parte*, supra, pág. 408. Específicamente, ha resuelto que:

> [l]a determinación final de si una parte debe o no acumularse depende de los hechos específicos de cada caso individual. Exige una evaluación jurídica de factores, tales como tiempo, lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y formalidad. Cuando, en un pleito, las partes no se han tomado la iniciativa de brindar a terceros ausentes la oportunidad de salvaguardar unos derechos que pueden resultar afectados, estos terceros deben ser acumulados como parte para poder dar finalidad a la adjudicación de la controversia medular. No es suficiente que el ausente haya tenido la oportunidad de intervenir en el pleito, pues mientras no se le haya hecho parte, no se le puede privar de unos derechos mediante sentencia. *López García v. López García,* supra, citando a: Cuevas Segarra, *op. cit.*, T. II, pág. 695.

Dicho de otro modo, la determinación de si debe acumularse a una parte en un pleito depende de los hechos específicos de cada caso. Ello implica que los tribunales deben hacer un análisis juicioso sobre los derechos de las partes que no están presentes y las consecuencias de que se unan al procedimiento. Así pues, lo fundamental es determinar si el tribunal puede hacer justicia y conceder un remedio final y completo a las partes presentes sin afectar los intereses de la parte ausente. *RPR & BJJ Ex Parte*, supra, pág. 409; *López García v. López García,* supra, pág. 65.

La falta de parte indispensable en un pleito es un interés tan fundamental, que constituye una defensa irrenunciable que puede presentarse en cualquier momento durante el proceso. Incluso, los foros apelativos, si así lo entienden, pueden y deben levantar *motu proprio* la falta de parte indispensable en un pleito, debido a que

ésta incide sobre la jurisdicción del tribunal. *Íd.*; *RPR & BJJ Ex Parte,* supra, pág. 408.

En conclusión, como se puede apreciar, la razón de ser de la Regla 16.1 de Procedimiento Civil, *supra,* responde al interés de proteger a aquellas personas —naturales o jurídicas— que no están presentes en el pleito de los efectos que acarrea la sentencia dictada y, así, evitar la multiplicidad de pleitos mediante un remedio efectivo y completo. *López García v. López García,* supra, pág. 65; *Granados v. Rodríguez Estrada II,* 124 DPR 593, 605 (1989); *Hernández Agosto v. Romero Barceló,* 112 DPR 407, 412–413 (1982).

Dicha protección encuentra su razón de ser en que, como se ha establecido en más de una ocasión, no traer a una parte indispensable a un pleito, sin duda alguna, se traduce en una violación al debido proceso de ley que le cobija. *López García v. López García,* supra, pág. 66; *Deliz et als. v. Igartúa et als.,* supra, pág. 43.

Cabe destacar que, a pesar de que la omisión de una parte indispensable es motivo para desestimar una causa de acción, no es óbice para que los tribunales, a instancia propia o a solicitud de parte, conceda la oportunidad de traer al pleito a la parte ausente. *Meléndez v. ELA,* 113 DPR 811 (1983); J.A. Cuevas Segarra, *op. cit.,* pág. 694.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En su primer señalamiento de error, la señora Bautista Bilbraut sostiene que, el foro de primera instancia incidió al sostener la validez del emplazamiento por edicto, pese a que la declaración jurada presentada para justificar dicho mecanismo extraordinario era insuficiente en derecho, no demostraba diligencias razonables, específicas y efectivas para localizarla, y por ello, no satisfizo el

estándar de debido proceso de ley necesario para conferir jurisdicción sobre su persona.

Como segundo señalamiento de error, aduce que, el foro *a quo* erró al no considerar que la parte recurrida omitió informar y utilizar direcciones conocidas de la señora Bautista Bilbraut, incluyendo información previamente levantada en otro pleito entre las mismas partes, lo que tornó irrazonable el emplazamiento por edicto y constituyó una violación al debido proceso de ley.

En el tercer señalamiento de error, la señora Bautista Bilbraut arguye que, el foro recurrido se equivocó al anotarle rebeldía, emitir sentencia y su publicación por edicto, sin haberse adquirido válidamente jurisdicción sobre su persona y sin el cumplimiento estricto con los requisitos de notificación exigidos por las Reglas de Procedimiento Civil y por el debido proceso de ley.

Según el octavo señalamiento de error de la señora Bautista Bilbraut, el Tribunal de Primera Instancia incidió al no atender de forma integral el patrón de violaciones al debido proceso de ley que marcó el trámite del caso al resolver como si se tratara de irregularidades aisladas, cuando en realidad reflejan una falla estructural que impidió una adjudicación válida y justa.

Por encontrarse intrínsicamente relacionados, discutiremos tales señalamientos de error de forma conjunta. Adelantamos que, le asiste la razón. Veamos.

Conforme surge del expediente, la parte recurrida presentó una *Demanda* en contra de la señora Bautista Bilbraut. Posteriormente, la parte recurrida presentó ante el foro *a quo Moci[ó]n Solicitando Expedici[ó]n de Emplazamiento por Edicto* con el propósito de que se ordenara la expedición del emplazamiento por edicto dirigido a la señora Bautista Bilbraut. Acompaño a su solicitud una declaración jurada suscrita por un emplazador, donde este aseguró haber realizado varias gestiones para emplazar a la

señora Bautista Bilbraut, pero que dichas gestiones fueron infructuosas al no lograr localizarla. Según la declaración jurada, el emplazador Miguel A. De Jesús Santiago realizó las siguientes gestiones:

1. Que recibí el emplazamiento personal a ser diligenciado a la demandada Sra. Yadieliz Bautista Bilbraut el día 3 de octubre de 2025. Ese mismo día, me personé a la Calle O de la Urbanización Jardines de Arroyo y para mi sorpresa, no había casa identificada como la 4-19. Me comuniqué con [e]l Lcdo. Rodríguez quien me indicó que en la demanda del caso de desahucio la dirección física y postal mencionada por la Sra. Yadieliz era la calle O, casa 4-19. Pero que si no había casa 4-19 que verificara cualquier otra casa en esa misma calle, pero con el número 19. Seguí las instrucciones del Lcdo. Rodríguez y encontré en la Calle O una casa identificada como la OU-19 y allí me detuve.

2. Una vez allí me entrevisté con la Sra. Elizabeth Martínez, quien se encontraba en la casa OU-19 y se identificó como la abuela de la demandada. Me informó que su nieta se encontraba en el Estado de Ohio en Estados Unidos de América y no en Puerto Rico. Me solicitó la información de contacto del abogado de la demandante para dársela a su nieta y la misma le fue brindada. Cuando le pregunté por la de su nieta expresó que no me la daría.

3. Como no me consta si es cierto lo expresado por la abuela, o si ella está ocultando a su nieta para que no pueda ser emplazada, hice las gestiones de hablar con los vecinos para corroborar la información. Cuando los llamé estos no salieron de sus residencias por lo que entendí que no había nadie en las mismas o estaban ignorando mi llamado para no hablar conmigo y preguntarle sobre la demandada.

4. Luego me personé al Cuartel de la Policía Estatal en Arroyo, Puerto Rico y hablé con el oficial Manuel Román Placa 31954 y me informó que no conoce a la demandada y desconoce donde vive.

5. Acudí posteriormente a la Casa Alcaldía del Municipio de Arroyo y me atendió la Sra. Mariela Rivera quien me informó que no conocía a la demandada como tampoco donde esta vive.

6. Por último, me presenté a la oficina de Correo y me atendió el empleado postal, Sr. Pablo Soto, quien me indicó que no conocía a la demandada como tampoco donde esta vive.

7. Procedí a realizar una búsqueda en las redes sociales como Facebook e Instagram y bajo el

nombre de la demandada, no encontré persona alguna bajo el nombre de Yadieliz Bautista Bilbraut por lo que la búsqueda fue negativa.

8. Por tal motivo el proceso de emplazamiento resultó en un diligenciamiento negativo del mismo.

[...]

Consecuentemente, el Tribunal de Primera Instancia emitió *Orden* mediante la cual declaró Con Lugar la solicitud de la parte recurrida, y ordenó la expedición del emplazamiento por edicto dirigido a la señora Bautista Bilbraut. Asimismo, el foro recurrido expidió el emplazamiento por edicto dirigido a la señora Bautista Bilbraut.

Más adelante, la parte recurrida mediante *Moci[ó]n Solicitando Anotaci[ó]n de Rebeld[í]a a la Demandada y en Solicitud de que se Dicte Sentencia Declaratoria,* solicitó al foro primario que le anotara a la señora Bautista Bilbraut por esta no haber contestado la demanda dentro del término dispuesto para así hacerlo. Tal solicitud fue declarada Con Lugar por el foro de primera instancia y le anotó rebeldía a la señora Bautista Bilbraut.

Así las cosas, el Tribunal de Primera Instancia emitió *Sentencia* a favor de la parte recurrida.

Sin embargo, la señora Bautista Bilbraut, sin someterse a la jurisdicción del foro *a quo*, presentó *Comparecencia Especila* [sic] *y Urgente Moción de Desestimación por Falta de Jurisdicción por Violaciones Crasas el Debido Proceso de Ley.* Mediante la aludida moción, entre otras cosas, la señora Bautista Bilbraut cuestionó las supuestas gestiones realizadas por el emplazador, ya que, carecían de especificidad en cuanto a las fechas en las que fueron realizadas y que estas no eran suficientes. Asimismo, sostuvo que, la parte recurrida conocía su dirección y paradero en virtud de otro pleito que fue presentado y resuelto previo al pleito de epígrafe. Por lo

anterior, le solicitó al foro de primera instancia declarar nula la *Sentencia* y desestimar la *Demanda* por falta de jurisdicción.

Sin embargo, mediante *Resolución* el Tribunal de Primera Instancia, declaró Sin Lugar la petición de la señora Bautista Bilbraut.

De acuerdo con el derecho reseñado, el emplazamiento es el mecanismo procesal que permite al Tribunal adquirir jurisdicción sobre la persona del demandado, para que este quede obligado por el dictamen que, en su día, emita el foro judicial.[7] Este mecanismo procesal es *parte esencial* del debido proceso de ley, pues su propósito principal es notificar a la parte demandada que existe una acción judicial en su contra. De esta manera, la parte puede comparecer en el procedimiento, ser oído y presentar prueba a su favor.[8]  Por lo tanto, su adulteración constituye una flagrante violación al trato justo.[9] No es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal.[10]

En nuestro ordenamiento jurídico, la figura del emplazamiento está regulada por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V. Nuestras Reglas de Procedimiento Civil establecen dos maneras para diligenciar un emplazamiento: de forma personal o mediante edicto.[11] Ahora bien, por excepción y en circunstancias específicas, nuestras Reglas de Procedimiento Civil, *supra*, permiten que se utilice el mecanismo del emplazamiento por

---

[7] *Martajeva v. Ferre Morris*, supra, pág. 620; *Rivera Torres v. Díaz López*, supra, págs. 646-647.

[8] *Martajeva v. Ferre Morris*, supra, pág. 620; *Rivera Torres v. Díaz López*, supra, pág. 647.

[9] *Torres Zayas v. Montano Gómez, et als.*, pág. 467.

[10] *Íd.*

[11] *Sánchez Ruiz v. Higuera Pérez*, supra, pág. 987.

edicto.[12] En específico, dicha regla establece lo siguiente en cuanto al emplazamiento por edicto:

(a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.

Los requisitos que dispone la regla de emplazamiento son de estricto cumplimiento.[13] "[E]l emplazamiento es **un trámite medular para el cumplimiento con el debido procedimiento de ley de un demandado y afecta directamente la jurisdicción del tribunal**".[14] (Énfasis suplido). Es por lo que, la falta de un correcto emplazamiento a la parte contra la cual un Tribunal dicta sentencia, "**produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado** […]".[15] (Énfasis nuestro).

Al analizar los hechos particulares de este caso, somos del criterio que, las alegadas gestiones realizadas por la parte recurrida para emplazar a la señora Bautista Bilbraut no fueron suficientes conforme a la Regla 4 de las Reglas de Procedimiento Civil. Puesto que, de la declaración jurada suscrita por el emplazador no se desprenden hechos específicos con fechas exactas de dichas gestiones dirigidas a dar con el paradero de la señora Bautista Bilbraut. Cabe destacar que, la parte recurrida tenía conocimiento

---

[12] Regla 4.6(a) de Procedimiento Civil, *supra,* 32 LPRA Ap. V, R. 4.6(a).
[13] Véase: *Rivera Torres v. Díaz López,* supra, pág. 647.
[14] *Rivera v. Jaume,* pág. 579.
[15] *Lanzó Llanos v. Banco de la Vivienda,* supra, 512.

de la dirección de la señora Bautista Bilbraut por motivo de un pleito anterior en el caso PA2025CV00129.

Ante lo anterior, no procedía que el Tribunal de Primera Instancia autorizara que se emplazara a la señora Bautista Bilbraut mediante edicto. El hecho de que no se emplazara adecuadamente a la señora Bautista Bilbraut conllevó que se le violara el debido proceso de ley. Además, tuvo como consecuencia que el foro primario no adquiriera jurisdicción sobre la persona de esta.

Habiendo resuelto lo anterior, se torna innecesario discutir los señalamientos de errores cuarto, quinto y noveno esbozados por la señora Bautista Bilbraut.

En su sexto señalamiento de error, la señora Bautista Bilbraut sostiene que, el foro recurrido incidió al no evaluar adecuadamente las inconsistencias y contradicciones entre la declaración jurada presentada para justificar los edictos y la información que la propia parte recurrida había revelado en otros procedimientos judiciales sobre la identidad, cercanía y conocimiento de personas con interés en el inmueble en cuestión y que la recurrida acumuló en su demanda original.

Como séptimo señalamiento de error, la señora Bautista Bilbraut alega que, el Tribunal de Primera Instancia erró al no desestimar el pleito pese a la ausencia de partes indispensables cuyo conocimiento surgía del propio expediente y de actuaciones previas de la parte recurrida, lo que afectó la validez de la adjudicación y lesionó el debido proceso de ley de las personas con interés propietario directo en el inmueble en controversia.

Por otro lado, el señor Bilbraut Cora y la señora Martínez Rodríguez, como primer señalamiento de error, arguyen que el foro recurrido incidió al declarar Sin Lugar su solicitud de relevo de sentencia por nulidad y la moción de reconsideración, al no reconocer a la parte con interés como parte indispensable, por ser

uno de los antiguos titulares y uno de los miembros de las Sucesiones demandadas, que la parte recurrida conocía su dirección postal y física, sin cuya comparecencia la Sentencia sería nula.

En el segundo señalamiento de error expuesto por el señor Bilbraut Cora y la señora Martínez Rodríguez, arguyen que, la primera instancia judicial incidió al concluir que tenía jurisdicción sobre los peticionarios, pese a que nunca fueron emplazados conforme a la Regla 4.6, al expedir el emplazamiento por edicto al desconocerse la dirección y el paradero de todos los co-demandados-peticionarios.

Por encontrarse intrínsecamente relacionados, discutiremos los aludidos señalamientos de error de forma conjunta.

Según se desprende de la *Demanda*, la señora Rosa Rodríguez incluyó a una parte nombrada como "Antiguos Titulares del Inmueble Localizado en la Comunidad Buenos Aires Lote 63 en Arroyo, Puerto Rico con Catastro 421-071-414-03-000. En la *Demanda*, la parte recurrida indica que dicha parte es una con identidad y paradero desconocido quienes pueden tener interés o derecho alguno en la propiedad en controversia y responder al demandante de ser necesario. Asimismo, incluyó como parte a la Sucesión de Regina Cora Devarie y la Sucesión de Cecilio Bilbraut Ramos.

Posteriormente, le solicitó al foro primario emplazar por edicto a dichas partes por alegadamente desconocer sobre su paradero e identidad. El foro de primera instancia accedió a lo peticionado por la parte recurrida y expidió los emplazamientos solicitados. De igual manera, más adelante mediante moción solicitó al foro *a quo* que le anotara rebeldía a dichas partes por estas no contestar la *Demanda* ni presentar alegación responsiva alguna dentro del término

provisto por las Reglas de Procesal Civil. El foro recurrido declaró Con Lugar dicha moción.

Así las cosas, luego de que el Tribunal de Primera Instancia emitiera *Sentencia*, el señor Bilbraut Cora y la señora Martínez Rodríguez, sin someterse a la jurisdicción del Tribunal de Primera Instancia, presentaron *Moci[ó]n de Relevo de Sentencia por Nulidad*. Le solicitaron al foro recurrido dejar sin efecto la *Sentencia*, ya que procedía su nulidad por falta de jurisdicción, al no haber sido emplazados conforme a las Reglas de Procedimiento Civil. Estos aseguraron que, la parte recurrida tenía conocimiento personal de su dirección residencial y que, por ello, debieron ser emplazados adecuadamente. Además, que, estos figuraban como antiguos titulares del inmueble en controversia y por tanto, eran parte indispensable en el pleito. De acuerdo con su postura, ante la falta de un emplazamiento adecuado a una parte indispensable, procedía que se declarara nula la sentencia por falta de jurisdicción.

No obstante, el Tribunal de Primera Instancia mediante *Resolución* declaró Sin Lugar la solicitud de relevo de sentencia presentada por el señor Bilbraut Cora y la señora Martínez Rodríguez.

Conforme el derecho reseñado, la Regla 16.1 de Procedimiento Civil dispone que, "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularan como demandantes o demandadas, según corresponda".[16] Una parte indispensable es aquella de la cual no se puede prescindir, pues sin su presencia, las cuestiones litigiosas no pueden adjudicarse correctamente, ya que sus derechos quedarían afectados por una determinación judicial.[17] La Regla 16.1 de Procedimiento Civil parte de dos principios fundamentales, a saber:

---

[16] 32 LPRA Ap. V.
[17] *RPR & BJJ Ex Parte*, supra, pág. 407.

(1) la protección constitucional que impide que una persona sea privada de la libertad y de su propiedad sin un debido proceso de ley, y (2) la necesidad de incluir a una parte indispensable para que el decreto judicial emitido sea completo.[18]

Nuestro Tribunal Supremo ha establecido que la interpretación de esta regla requiere un enfoque pragmático, es decir, que se evalúe a la luz de las circunstancias particulares que se presenten y no de una formula rígida para determinar su aplicación.[19] Los tribunales deben hacer un análisis juicioso sobre los derechos de las partes que no están presentes y las consecuencias de que se unan al procedimiento. Así pues, lo fundamental es determinar si el tribunal puede hacer justicia y conceder un remedio final y completo a las partes presentes sin afectar los intereses de la parte ausente.[20] No traer a una parte indispensable en un pleito se traduce en una violación al debido proceso de ley que le cobija.[21]

De acuerdo al expediente, el señor Bilbraut Cora y la señora Martínez Rodríguez eran los dueños registrales de la propiedad en cuestión, que posteriormente, donaron a la señora Bautista Bilbraut. Al evaluar las circunstancias particulares de este caso, somos del criterio que, al estos haber sido dueños registrales de la propiedad dentro del transcurso del alegado periodo de posesión del inmueble por parte de la señora Rosa Rodríguez, procede que estos sean incluidos como parte indispensable.

Debido a que estos son considerados como parte indispensable, era necesario que la parte recurrida, al conocer su identidad y posible paradero, los emplazara conforme a derecho. Lo anterior, con el propósito de que el Tribunal de Primera Instancia

---

[18] *Íd.*

[19] *López García v. López García,* supra, pág. 65, citando a: *Romero v. SLG Reyes,* supra, pág. 732; *RPR & BJJ Ex Parte*, supra, pág. 408.

[20] *Íd.* pág. 409; *López García v. López García,* supra, pág. 65.

[21] *Íd.* pág. 66; *Deliz et als. v. Igartúa et als.,* supra, pág. 43.

pudiera adquirir jurisdicción sobre su persona. Al analizar el expediente, concluimos que la parte recurrida no emplazó de forma adecuada, lo que constituye una violación al debido proceso de ley y por tanto, el Tribunal de Primera Instancia no adquirió jurisdicción sobre su persona.

No obstante lo anterior, no procede desestimar el pleito, sino, únicamente procede incluir al señor Bilbraut Cora y a la señora Martínez Rodríguez como partes indispensables, según los identificamos, y que estos sean emplazados conforme a derecho.

En cuanto al relevo de sentencia solicitado por las partes aquí peticionarias, la Regla 49.2 de Procedimiento Civil dispone que el tribunal podrá relevar a una parte de una sentencia por *nulidad de sentencia*. Una sentencia es nula cuando se ha dictado sin jurisdicción o cuando al dictarla se ha quebrantado el debido proceso de ley.[22] Bajo este fundamento no hay margen de discreción como sí lo hay bajo los otros fundamentos de la Regla 49.2 de Procedimiento Civil, *supra*; si una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado.[23]

En el caso de epígrafe, el Tribunal de Primera Instancia emitió una *Sentencia* sin jurisdicción sobre los peticionarios, es decir, una sentencia nula. Por tanto, procede el relevo de sentencia solicitado por los peticionarios.

Conforme a lo antes esbozado, se declara Ha Lugar la moción de nulidad de sentencia, en consecuencia, se devuelve el caso al Tribunal de Primera Instancia con el propósito de que se emplace a los demandados conforme a derecho y se incluya al señor Bilbraut Cora y a la señora Martínez Rodríguez como partes indispensables en el pleito.

---

[22] *García Colón et al. v. Sucn. González*, supra, pág. 543.
[23] *Pérez Ríos et al. v. CPE*, supra, pág. 215.

**IV**

Por los fundamentos que anteceden, se expide el *certiorari*, se *revoca* el dictamen recurrido y se devuelve al Tribunal de Primera Instancia para que proceda de conformidad con lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones